IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEE HOLDEN PARKER,<br>No. A50207, | )<br>)<br>) |
| Petitioner, | )<br>) |
| vs. | )   Case No. 15-cv-00438-DRH<br>) |
| STEPHEN B. DUNCAN, | )<br>) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

Petitioner Lee Holden Parker is currently incarcerated in Lawrence Correctional Center. He is serving two concurrent natural life sentences for home invasion and armed violence, and a related seven-year term of imprisonment for aggravated kidnapping. *See People v. Parker*, 490 N.E.2d 1076 (Ill. App. 5th Dist. 1986). Pursuant to Ill. Rev. Stat. 1983, ch. 38, ¶¶ 33B-1(e) and 1005-8-1(a)(2), Parker was sentenced as a "habitual criminal," requiring the natural life sentences for the two Class X felony convictions. *See Parker*, 490 N.E.2d at 1078. His petition for writ of habeas corpus under 28 U.S.C. § 2254 is now before the Court.

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the

petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

## The Petition

The thrust of the 24-page Section 2254 petition is that Parker, who is white, was sentenced under the Habitual Criminal Act (Ill. Rev. Stat. 1983, ch. 38, ¶¶ 33B-1(e)), which has historically been applied in a discriminatory basis, rendering the statute void. More specifically, Parker cites "recently" obtained Illinois Department of Corrections statistics showing that the Habitual Criminal Act is disproportionately applied to black defendants, and to male defendants.

In addition to the obvious Fourteenth Amendment Equal Protection Clause challenge, Parker contends he has been denied procedural due process in violation of the Fourteenth Amendment. From Parker's perspective, he has been denied procedural due process because the Illinois Circuit Court can hear only challenges that his sentence is voidable, and the Illinois Supreme Court, which can exercise original jurisdiction under Illinois Supreme Court Rule 381 and consider a writ of habeas corpus regarding a lower court's lack of jurisdiction, which would render a sentence void. *See Hughes v. Kiley*, 367 N.E.2d 700, 702 (Ill. 1977).

A habeas petitioner is entitled to a writ of habeas corpus under Section 2254 if the challenged state court decision is either "contrary to" or "an unreasonable application of" clearly established federal law as determined by the United States Supreme Court. *See* 28 U.S.C. § 2254(d)(1); *Avila v. Richardson,*

751 F.3d 534, 536 (7th Cir. 2014) (citing *Williams v. Taylor,* 529 U.S. 362, 404–05 (2000)). Thus, Parker's constitutional claims are proper grounds for a Section 2254 petition. Nevertheless, this district court lacks jurisdiction to proceed.

A person convicted in state court is generally limited to filing only one petition for writ of habeas corpus in federal court. Parker filed a Section 2254 petition in 1996, attacking his conviction: *Parker v. Detella*, Case No. 96-cv-655-WDS (S.D. Ill. 1999) (dismissed with prejudice; certificate of appealability denied, Case No. 99-4062 (7th Cir. Apr. 24, 2000)).

Parker did not present his challenge to the Habitual Criminal Act in his first Section 2254 petition—he only perceived the statute was unconstitutional in 2009, and acquired statistical evidence in 2011 and 2012. In any event, relative to new claims 28 U.S.C. § 2244(b)(2) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> >
> > (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Regardless of whether Parker can qualify under Section 2244(b)(2), *before* filing a second or successive petition asserting a Section 2244(b) claim, a petitioner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A district court is without jurisdiction to entertain a second or successive petition that has been filed without the authorization of the court of appeals. *Burton v. Stewart,* 127 S.Ct. 793, 799 (2007); *Lambert v. Davis,* 449 F.3d 774, 777 (7th Cir. 2006). Parker's present petition was filed without the required authorization and must be dismissed for lack of jurisdiction.

**IT IS HEREBY ORDERED** that, for the reasons stated, the petition is **DISMISSED without prejudice** for want of subject-matter jurisdiction.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a habeas petition is dismissed on procedural grounds without reaching the underlying constitutional issue, the petitioner must show that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*

*v. McDaniel*, 529 U.S. 473, 484-85 (2000). Both components must be established for a certificate to issue.

Here, it is clear that this Court is without jurisdiction to entertain Parker's petition because it is a second or successive petition filed without the authorization of the Court of Appeals. No reasonable jurist would find the issue debatable. Accordingly, the Court **DENIES a certificate of appealability**.

**IT IS SO ORDERED.**

**Signed this 20th day of May, 2015.**

Digitally signed by
David R. Herndon
Date: 2015.05.20
12:30:01 -05'00'

**United States District Court**